PEOPLE *v.* MARR.

1. CRIMINAL LAW—DUE PROCESS—DEFENDANT'S REFUSAL TO TESTIFY
   — COMMENT BY PROSECUTION — APPEAL AND ERROR — INADEQUATE

   The Court of Appeals will not find in favor of error under
   circumstances in which the trial transcript in a murder trial
   failed to record the closing remarks of counsel in full because
   not required to be reported by statute then in effect, and where
   as a result the relationship to the case of certain remarks
   of the prosecutor is unknown; therefore the Court of Appeals
   must refuse to find that the prosecutor's remark, "He could
   tell you what he told him" was made in reference to defend-
   ant's refusal to testify, since this remark could have been
   made in reference to a number of other matters.

2. SAME—INSTRUCTIONS TO JURY—APPEAL AND ERROR—OBJECTION—
   PRESERVING QUESTION.

   The Court of Appeals will not consider objections to the **trial**
   court's charge to the jury not **made** at the time of **trial**
   except to prevent a miscarriage of justice.

Appeal from Kent, Vander Ploeg (Claude), J.
Submitted Division 3 October 9, 1968, at Grand
Rapids. (Docket No. 4,564.) Decided October 22,
1968.

Robert Hunter Marr was convicted of murder in
the second degree. Defendant makes delayed motion
for new trial. Motion denied. Defendant appeals.
Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 404.
[2] 5 Am Jur 2d, Appeal and Error § 545.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema* and *W. J. Nykamp,* Assistant Prosecuting Attorneys, for the people.

*Adrian W. Verspoor,* for defendant.

PER CURIAM. An information was filed charging defendant Robert Marr with the murder of Earl C. Appleton, contrary to the provisions of CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). The defendant was tried by jury and found guilty of murder in the second degree.

On appeal, defendant charges that the prosecutor in his final argument to the jury committed prejudicial error by commenting to the jury upon the fact that defendant did not take the witness stand in his own defense.

The record reveals that neither the closing argument of the prosecutor nor the defense was stenographically recorded. This was an acceptable practice at the time of trial and not prohibited by statute.* The record reveals no request to have the final argument of either counsel recorded.

Defendant's assigned error is based on the portion of prosecutor Milanowski's final argument, which was recorded as follows:

*"Mr. Milanowski:* He could tell you what he told him."

The attorney for defendant, Mr. Verspoor, objected to this remark as follows:

*"Mr. Verspoor:* I object to that as prejudicial."

No further reference to this matter is contained in the record. No motion for a mistrial is indicated,

---

* See CL 1948, § 691.307 (Stat Ann § 27.337), since replaced by GCR 1963, 915.2.

no request for instructing to cure this alleged error is indicated, no ruling by the court on the objection is indicated.

From an examination of the entire record of this cause it is impossible for this Court to conclude that this was in fact a comment upon defendant's failure to take the stand. This comment could equally be taken to be a reference to what the deceased said to the defendant, if he were able to now speak, or what someone else may have said.

Under the circumstances of this case we will not find in favor of error. The trial judge, skilled through his many years of criminal trials, sufficiently instructed the jury on the defendant's presumption of innocence, on the right of the defendant not to testify, and the duty of the prosecution to prove every element of the offense beyond a reasonable doubt.

Additionally defendant on appeal charges several errors in the charge of the trial court. No objections to the charge were made at the trial. We will not consider objections to the charge on appeal not made at time of trial except to prevent a miscarriage of justice.

The record made in this cause reveals no prejudicial or reversible error.

Affirmed.

LESINSKI, C. J., and FITZGERALD and TEMPLIN, JJ., concurred.